IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

| | |
|---|---|
| IRENE DIANA KAPHAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CV 622-087 |
| | ) |
| KILOLO KIJAKAZI, Acting Commissioner | ) |
| of Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Irene Diana Kaphan appeals the decision of the Acting Commissioner of Social Security ("the Commissioner") denying her application for Disability Insurance Benefits ("DIB") under the Social Security Act. Upon consideration of the briefs, the record evidence, and the relevant statutory and case law, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

I.     **BACKGROUND**

Plaintiff applied for DIB on October 15, 2020, alleging a disability onset date of January 5, 2017. Tr. ("R."), pp. 15, 266-67, 280. Plaintiff was forty-one years old at her alleged disability onset date and forty-six years old when the Administrative Law Judge ("ALJ") issued the decision currently under consideration. R. 12, 266. Plaintiff received her high school diploma, completed one year of college, and, prior to her alleged disability, accrued a relevant work history as a police officer, officer clerk, and server. R. 30, 88, 282, 352-59.

Plaintiff applied for disability benefits based on a combination of alleged impairments, including cervical radiculopathy, occipital neuralgia, myofascial pain syndrome, cervical disc bulges, post-traumatic stress disorder, generalized anxiety disorder, bipolar disorder, manic depression, hypertension, and liver disease. R. 2-3, 280. Plaintiff requested a hearing before an ALJ, and the ALJ held a hearing on May 11, 2022. R. 38-77, 189.

At the May 11th hearing, the ALJ heard testimony from Plaintiff, who was represented by counsel, Plaintiff's spouse, and Vocational Expert ("VE") Donna J. Bardsley. R. 27, 38-77. On July 5, 2022, ALJ Frederick W. Christian issued an unfavorable decision finding Plaintiff not disabled, and the Appeals Council ("AC") denied Plaintiff's request for review. R. 1-6, 14-31. Applying the sequential process required by 20 C.F.R. § 404.1520, the ALJ found:

1. The claimant did not engage in substantial gainful activity during the period from her alleged onset date of January 5, 2017, through her date last insured of December 31, 2021 (20 CFR 404.1571 *et seq*.).

2. The claimant had the following severe impairments: degenerative disc disease, degenerative joint disease, plantar fasciitis, post-traumatic stress disorder, depression, and anxiety (20 CFR 404.1520(c)).

3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526).

4. The claimant has the residual functional capacity ("RFC") to perform sedentary work as defined in 20 CFR 404.1567(a) except no climbing ladders, ropes, or scaffolds; only occasional climbing stairs or ramps, balancing, stooping, kneeling, crouching, or crawling; no exposure to extreme cold; no work at unprotected heights or around hazardous machinery; limited to the performance of simple, routine tasks and can concentrate sufficiently to complete those tasks for a sustained two-hour period or eight-hour workday; no public contact; only occasional contact with co-workers and supervisors; and limited to work with only occasional and simple changes in work processes and procedures.

5. Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that the claimant

>can perform. (20 C.F.R. §§ 404.1569, 404.1569(a)). Therefore, the claimant was not under a disability, as defined in the Social Security Act, at any time from January 5, 2017, the alleged onset date, through December 31, 2021, the date last insured (20 CFR 404.1520(g)).

R. 38-77.

Because the AC did not disturb the ALJ's finding, the Commissioner's decision became "final" for the purpose of this judicial review. 42 U.S.C. § 405(g). Plaintiff filed the current civil action requesting reversal or remand of the adverse decision. (Doc. no. 1.)

## II.   STANDARD OF REVIEW

Judicial review of social security cases is narrow and limited to the following questions: (1) whether the Commissioner's findings are supported by substantial evidence, and (2) whether the Commissioner applied the correct legal standards. Lewis v. Callahan, 125 F.3d 1436, 1439 (11th Cir. 1997). When considering whether the Commissioner's decision is supported by substantial evidence, the reviewing court may not decide the facts anew, reweigh the evidence, or substitute its judgment for the Commissioner's. Moore v. Barnhart, 405 F.3d 1208, 1211 (11th Cir. 2005); Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991). Notwithstanding this measure of deference, the Court remains obligated to scrutinize the whole record to determine whether substantial evidence supports each essential administrative finding. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983).

The Commissioner's factual findings should be affirmed if there is substantial evidence to support them. Barron v. Sullivan, 924 F.2d 227, 230 (11th Cir. 1991). Substantial evidence is "more than a scintilla, but less than a preponderance: '[i]t is such relevant evidence as a reasonable person would accept as adequate to support a conclusion.'" Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990) (quoting Bloodsworth, 703 F.2d at 1239). If the Court finds substantial evidence exists to support the Commissioner's factual findings, it must uphold the Commissioner

even if the evidence preponderates in favor of the claimant. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004). Finally, the Commissioner's findings of fact must be grounded in the entire record; a decision that focuses on one aspect of the evidence and disregards other contrary evidence is not based upon substantial evidence. McCruter v. Bowen, 791 F.2d 1544, 1548 (11th Cir. 1986).

The deference accorded the Commissioner's findings of fact does not extend to his conclusions of law, which enjoy no presumption of validity. Brown v. Sullivan, 921 F.2d 1233, 1236 (11th Cir. 1991) (holding that judicial review of the Commissioner's legal conclusions are not subject to the substantial evidence standard). If the Commissioner fails either to apply correct legal standards or to provide the reviewing court with the means to determine whether correct legal standards were in fact applied, the Court must reverse the decision. Wiggins v. Schweiker, 679 F.2d 1387, 1389 (11th Cir. 1982).

### III. DISCUSSION

Plaintiff contends the Commissioner's decision should be reversed because the ALJ failed to adopt the entirety of the persuasive limitations from Dr. Rose's medical opinion in the RFC determination. Doc. no. 9, pp. 4-10 ("Pl.'s Br."). The Commissioner maintains the ALJ's RFC assessment is supported by substantial evidence and the ALJ did not err because he was not required to adopt the entirety of Dr. Rose's medical opinion when determining Plaintiff's RFC. Doc. no. 10, pp. 2, 5-13 ("Comm'r's Br."). As explained below, Plaintiff's argument does not form a valid basis for reversal or remand.

#### A. The ALJ Properly Evaluated Dr. Rose's Medical Opinion and Substantial Evidence Supports the RFC Determination

Plaintiff argues the ALJ erred when he found Dr. Rose's opinion to be persuasive but failed to adopt the entirety of Dr. Rose's findings into the RFC assessment. Pl's Br., p. 5. The

4

ALJ committed no error here because he properly evaluated Dr. Rose's medical opinion, assessed Plaintiff's RFC based on all relevant medical and other evidence, and was not required to adopt the entirely of Dr. Rose's opinion when formulating Plaintiff's RFC.

### 1. Step Four Framework for Formulating Plaintiff's RFC

At step four of the sequential process, the ALJ evaluates a claimant's RFC and ability to return to past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). RFC is defined in the regulations "as that which an individual is still able to do despite the limitations caused by his or his impairments." Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004) (citation omitted). Courts have described RFC as "a medical assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." Watkins v. Comm'r of Soc. Sec., 457 F. App'x 868, 870 n.5 (11th Cir. 2012) (*per curiam*). Limitations are divided into three categories: (1) exertional limitations that impact the ability to perform the strength demands of a job, i.e., sitting, standing, walking, lifting, carrying, pushing or pulling; (2) non-exertional limitations that impact the ability to meet non-strength job demands, i.e., tolerating dust and fumes, appropriately responding to supervision, co-workers and work pressure, and difficulty performing manipulative or postural functions of jobs; and (3) a combination of exertional and non-exertional limitations. Baker v. Comm'r of Soc. Sec., 384 F. App'x 893, 894 (11th Cir. 2010) (*per curiam*) (citing 20 C.F.R. § 404.1569a(b)-(d)).

### 2. Evaluating Medical Opinions Under the Revised Regulations

The revised regulations, applicable to claims filed after March 27, 2017, eliminated the treating source rule. Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5853 (Jan. 18, 2017). The ALJ must now determine the persuasiveness of medical

5

opinions by considering supportability, consistency, nature and length of the treatment relationship, specialization, and other miscellaneous factors. 20 C.F.R. §§ 404.1520c(c) & 416.920c(c)(1)-(c)(5). This analysis only applies when a statement qualifies as a medical opinion, defined as "a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in [certain abilities]." 20 C.F.R. § 404.1513(a)(2). In contrast, "other medical evidence" is "evidence from a medical source that is not objective medical evidence or a medical opinion, including judgments about the nature and severity of your impairments, your medical history, clinical findings, diagnosis, treatment prescribed with response, or prognosis." Id. at (a)(3). Relevant here, a medical source is "an individual who is licensed as a healthcare worker by a State and working within the scope of practice permitted under State or Federal law . . . ." 20 C.F.R. § 404.1502(d).

Here, the ALJ properly evaluated Dr. Rose's consultative psychological evaluation as a medical opinion under the revised regulations. The ALJ noted Dr. Rose's opinion was persuasive because "it is supported by detailed exam and clinical findings, as well as it is consistent with the overall evidence." R. 28. The ALJ included a lengthy discussion of Dr. Rose's evaluation and other evidence from the record, stating Plaintiff was: cooperative with examinations; a normal mood and affect; intact grooming and there was no evidence of any neglected hygiene; she was able to maintain a conversation and answer interview questions; she was attentive to interview questions and was able to concentrate enough to complete a three-step command; she was able to read and complete an intake form; she made no errors when counting down from twenty and one error reciting the months in reverse order; she recalled four out of four objects; she had an intact memory; and there was no evidence of any suicide attempts or inpatient psychiatric hospitalization

in the record. R. 28, 465, 473, 690-91, 754, 807. The ALJ concluded the evidence was consistent with the opined limitations and such limitations were ultimately incorporated into the RFC. R. 22-29. Because the ALJ discussed both the consistency and support of Dr. Rose's evaluation, he properly considered the persuasiveness of the medical opinion within the meaning of the revised regulations.

### 3. Plaintiff's RFC is Supported by Substantial Evidence

As required by 20 C.F.R. § 404.1545(a)(3), an ALJ's RFC determination is based on *all* relevant medical and other evidence. Jones v. Comm'r of Soc. Sec., 603 F. App'x 813, 818 (11th Cir. 2015) (*per curiam*) (emphasis added). When assessing Plaintiff's limitations, the ALJ concluded:

> The overall evidence, including the mental health symptoms, exam findings, reported difficulties, and medication side effects, supports that the claimant is limited to the performance of simple, routine tasks and can concentrate sufficiently to complete those tasks for a sustained two-hour period or eight hour workday. Given her reported difficulty with crowds and isolative behavior, she can have no public contact and only occasional contact with co-workers or supervisors. Considering her ongoing mental health symptoms and posttraumatic stress disorder symptoms, she is limited to work with only occasional and simple changes in work processes and procedures.

R. 25. The ALJ noted Plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were inconsistent with the evidence, thus, no additional limitations were supported by the record. R. 25. The ALJ went on to provide an eight-page detailed discussion of the opined limitations, medical opinions, and record evidence to determine Plaintiff's RFC. See R. 22-29. The ALJ discussed Plaintiff's mental impairments and provided clear reasons with objective evidence that supported his assessment. R. 28. Specifically, the ALJ noted Dr. Rose's evaluation when discussing Plaintiff's mental functioning regarding her mood, affect, attention to interview questions, ability to concentrate, ability to recall objects and colors, and the absence of

7

suicidal attempts or inpatient psychiatric hospitalization. R. 29. The ALJ ultimately found Plaintiff could perform sedentary work with certain exceptions due to her limitations. See R. 22, 29. Importantly, the ALJ did not find Plaintiff could perform all ranges of work with *no* limitations, and the RFC accounts for the above-discussed limitations. R. 25-29.

Furthermore, the ALJ is not required to fully incorporate Dr. Rose's opinion into the RFC assessment because he found it persuasive. K.T.B. v. Comm'r of Soc. Sec., No. 3:20-CV-110, 2021 WL 5906372, at *2 (M.D. Ga. Dec. 14, 2021) (rejecting proposition that when the ALJ found medical opinion to be persuasive, he must wholly accept and incorporate it in RFC assessment); Sesler v. Comm'r of Soc. Sec., No. 8:20-cv-2835, 2021 WL 5881678, at *6 (M.D. Fla. Dec. 13, 2021) ("The new regulations do not defer or give specific evidentiary weight, including controlling weight, to any medical opinion . . . Thus, an ALJ need not adopt every part of an opinion that the ALJ finds persuasive.") (internal quotations and citations omitted). The RFC "is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive." Beegle v. Soc. Sec. Admin., Com'r, 482 F. App'x 483, 486 (11th Cir. 2012) (*per curiam*); see also Moore v. Soc. Sec. Admin, Comm'r, 649 F. App'x 941, 945 (11th Cir. 2016) (*per curiam*) (noting task of determining RFC and ability to work rests with ALJ and not a doctor); Nichols v. Kijakazi, No. 3:20-CV-00224, 2021 WL 4476658, at *8 (M.D. Ala. Sept. 29, 2021) ("The ALJ was under no obligation to adopt verbatim all of [the doctor's] limitations into the RFC."). Indeed, per the regulations, the ALJ cannot defer or give any specific evidentiary weight to any medical opinion. 20 C.F.R. § 416.920(a). Instead, and as discussed above, the ALJ is to examine the persuasiveness of all medical opinions and formulate an RFC that is supported by substantial evidence. Plaintiff does not point to any error in how the ALJ addressed the other medical opinions or record evidence.

The error described is only in the ALJ's subsequent RFC determination which was not as restrictive as Plaintiff believes Dr. Rose's opinion required.

Plaintiff also argues there is a conflict between Dr. Rose's evaluation and the jobs the ALJ believes Plaintiff could perform, since Dr. Rose opined Plaintiff could carry out simple, one or two-step instructions. Pl.'s Br., pp. 7-9; R. 22, 28, 73-75. As discussed above, the Court has already determined there is substantial evidence supporting the RFC determination, and the ALJ was not required to adopt the entirety of Dr. Rose's opinion.

Moreover, substantial evidence supports the ALJ's finding that while Plaintiff could perform simple and routine tasks, her ability to follow instructions should not be limited to one or two-step tasks. Indeed, the record evidence shows Plaintiff was able to concentrate to answer questions and complete three-step commands; read and complete forms; she made no errors while counting down from twenty and one error while reciting the months in reverse order; she recalled four out of four objects; and had an intact memory. R. 28, 690-92, 715, 754. At this point in the sequential process, it is not the ALJ's duty to resolve apparent conflicts after thoroughly discussing how he evaluated Plaintiff's limitations and the record evidence in determining the RFC. Furthermore, Plaintiff does not argue the jobs are inconsistent with the RFC, rather she only alleges the jobs are inconsistent with Dr. Rose's opinion. Pl.'s Br., pp. 7-9. Regardless, the ALJ opined that Plaintiff was in fact limited to the performance of simple, routine tasks, adequately posed a hypothetical question to the VE containing this and all other limitations, and used such testimony as substantial evidence to support the determination as to what available jobs Plaintiff could perform. R. 25-28, 74-75; 20 C.F.R. § 404.1566(e); Wilson v. Barnhart, 284 F.3d 1219, 1227 (11th Cir. 2002) (VE testimony in response to a hypothetical that includes all claimant's impairments constitutes substantial evidence).

In sum, the ALJ committed no error here. The ALJ properly evaluated Dr. Rose's medical opinion, he is not required to fully adopt Dr. Rose's opinion in the RFC assessment, and there is substantial evidence supporting the RFC. The Court's job is not to review the administrative record *de novo*, but rather is to review the record for substantial evidence to support the Commissioner's factual findings, and if so found, uphold the Commissioner even if the evidence preponderates in favor of the claimant. Crawford, 363 F.3d at 1158-59; Moore, 405 F.3d at 1211.

### IV.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Commissioner's final decision be **AFFIRMED**, this civil action be **CLOSED**, and a final judgment be **ENTERED** in favor of the Commissioner.

SO REPORTED and RECOMMENDED this 3rd day of August, 2023, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA